## JOURNAL OF COMMERCE AND COMMERCIAL BULLETIN *v.* BURLESON, AS POSTMASTER GENERAL OF THE UNITED STATES.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 818.   Submitted March 11, 1913.—Decided March 17, 1913.

A restraining order against the Postmaster General enforcing the statute, the constitutionality of which is involved in this action (see *ante,* p. 288) granted pending the decision on application of the appellant.

PETITION of The Journal of Commerce and Commercial Bulletin for restraining order.

*Mr. Robert C. Morris* for petitioner:

The petition alleged among things that at the time of taking the appeal and during the proceedings, it was agreed between counsel for the appellant, the Department of Justice and the Post-Office Department that pending the decision by this court upon said appeal in this case no action would be taken by the Post-Office Department to either compel the appellant or other newspaper publishers throughout the country to comply with the provisions of the act of August 24, 1912, or to enforce against them the penalties for non-compliance or to deny to them the privileges of the mail upon their failure to file and publish the required statements. That the only condition attached to such understanding was the condition that counsel for the appellant should prosecute this appeal with all reasonable diligence, so that the questions involved might be presented to this court for determination without undue delay.

That notwithstanding the agreement, appellant had re-

ceived from the Postmaster of New York a communication to the effect that the provisions of said statute would be enforced forthwith without awaiting the decision of this court on the appeal which had been argued on December 2 and 3, 1912, and had not yet been decided.

That The Solicitor General of the United States had accepted service of the motion.

The appellant prayed the court to grant herein an order restraining the defendants or their successors in office, as the case may be, and all persons acting through or under them, until the decision of this court herein, from enforcing or attempting to enforce the provisions of said statute, and particularly restraining them from denying to appellant and other newspaper publishers the privileges of the mail by reason of the failure or neglect of appellant and such other publishers to comply with the provisions of said law and file the statements required thereby.

Per Curiam. On consideration of the motion for a restraining order of the appellees herein,

It is now here ordered by the court that the motion be, and the same is hereby, granted.